UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARKIETTA HARVEY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV01909 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Markietta Harvey moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. In her petition, she claims that she was denied the effective assistance of counsel and offers four grounds in support of her claim. Harvey's claim is without merit. Therefore, her motion is denied.

*Background*

A Grand Jury indicted Markietta Harvey on March 31, 2010 on one count of conspiracy under 18 U.S.C. § 371, three counts of fraud in connection with identity documents and aiding and abetting under 18 U.S.C. §§ 1028(a)(7) and 2, two counts of aggravated identity theft and aiding and abetting under 18 U.S.C. §§ 1028A and 2, and one count of access device fraud and aiding and abetting under 18 U.S.C. §§ 1029 and 2. Before trial, Harvey pled guilty to conspiracy and one count of aggravated identity theft. As part of her plea, Harvey entered an agreement with the United States Attorney in which she waived her right to appeal the imposed sentence.

Harvey's plea agreement also contained a provision whereby the United States Attorney

would move for a downward departure if Harvey provided "substantial assistance" to its investigation. However, the United States Attorney reserved the right to determine what constituted "substantial assistance," and therefore, what merited a motion for downward departure. The United States Attorney found that Harvey's admissions failed to provide "substantial assistance" in continuing investigations and did not to move for a downward departure.

Harvey came before this Court on October 5, 2010 for sentencing. At her sentencing hearing, Harvey's counsel challenged the presentence investigation report's recommendation for a four level enhancement due to her supervisory role in the conspiracy. I ultimately found that Harvey was a manager or supervisor of the criminal activity and imposed a three level enhancement.

The United States Attorney also sought to enhance Harvey's sentence for obstruction of justice after learning that Harvey had passed threatening notes in jail to Terrick Harvey, her brother and co-conspirator. Based on Terrick Harvey's testimony regarding these facts, I granted the United States Attorney's request for enhancement due to obstruction of justice, and denied Harvey's request for reduction due to acceptance of responsibility.

I sentenced Harvey to 70 months incarceration. Harvey filed a timely appeal with the United States Court of Appeals for the Eighth Circuit on October 7, 2010, arguing that this Court erred by imposing an enhancement for obstruction of justice and denying a reduction for acceptance of responsibility. The Court of Appeals affirmed, and Harvey now moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.

*Legal Standard*

The Sixth Amendment provides the criminally accused with the right to the assistance of counsel. U.S. Const. amend. VI. Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims filed under 28 U.S.C. § 2255. See Caban v. United States, 281 F.3d 778, 781 (8th Cir. 2002). To prove ineffective assistance of counsel, a convicted defendant must not only show that counsel's performance was deficient, but also that the deficient performance prejudiced her defense. Strickland, 466 U.S. at 687.

To rise to the level of "deficiency" under Strickland, counsel's representation must fall below an objective standard of reasonableness. Id. at 687-88. This standard encompasses a wide range of reasonable professional assistance, and therefore, the courts indulge a "strong presumption" that counsel's conduct was reasonable. Id. at 689. "Prejudice" exists when the defendant can establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

*Discussion*

Harvey challenges her sentence on four grounds, all of which she labels "ineffective assistance of counsel." She claims that: (1) counsel did not argue that the court erred in overstating her role in the conspiracy; (2) the United States Attorney did not move for downward departure from the sentencing guidelines for her cooperation; (3) the court erred by enhancing her sentence for obstruction of justice under U.S.S.G. § 3C1.1; and (4) the court erred by denying a
3

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

*Counsel's Failure to Argue Against the Supervisory Enhancement*

Harvey alleges ineffective assistance because her counsel did not argue that this Court erred in overstating her role in the conspiracy. Because Ms. Harvey did not specify whether she challenges her attorney's conduct at sentencing or on appeal, I consider both claims.

At sentencing, this Court heard evidence regarding Harvey's role in the conspiracy. Based on the parties' stipulations and witness testimony, I enhanced Harvey's sentence by 3 levels due to her role as a "manager or supervisor" of the conspiracy, pursuant to U.S.S.G. § 3B1.1(b). Harvey's trial counsel argued against the enhancement, claiming that she had no supervisory role in the conspiracy. Since trial counsel actually made this argument, any claim that he was ineffective for failing to do so necessarily fails.

On appeal, Harvey's counsel did not argue against the supervisory enhancement, but Harvey had waived her right to do so. Her plea agreement states, in relevant part:

> In the event the court accepts the plea and, in sentencing the defendant, 1) applies the recommendation agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, the Criminal History Category, Career Offender status and Armed Career Criminal Status. This includes any enhancements determined by the Court after the presentation of argument or evidence by the parties.

By signing the plea agreement, Harvey acknowledged that she "waiv[ed] all rights to appeal all sentencing issues." Because Harvey's plea agreement precluded her counsel from appealing her sentence, counsel's decision not to raise this argument on appeal was not ineffective assistance as a matter of law. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) ("counsel's

4

failure to advance a meritless argument cannot constitute ineffective assistance of counsel").

Further, counsel's failure to challenge the supervisory enhancement did not prejudice Harvey's defense. A defendant cannot appeal the sentencing judge's application of the Guidelines in the face of a valid waiver, as long as the judge imposed a sentence within the statutory range. Ackerland v. United States, 633 F.3d 698, 702 (8th Cir. 2011) quoting United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003).

I sentenced Harvey to 46 months for conspiracy to produce and possess false identification documents, and to commit social security and access device fraud under 18 U.S.C. § 371, which imposes a maximum sentence of five years. See 18 U.S.C. § 371. I also sentenced Harvey to 24 months for aggravated identity theft under 18 U.S.C. §§ 1028A and 2, which carry a mandatory 2-year sentence to be served concurrently with all other terms of imprisonment. See United States v. Raifsnider, 663 F.3d 1004, 1008 (8th Cir. 2011). Harvey's imposed sentence was within the statutory range.

Because Harvey's sentence complied with statutory requirements, she could not appeal this Court's application of the sentencing guidelines in the face of a valid waiver. A defendant's waiver is valid unless she shows that she did not enter it "knowingly and voluntarily" and the enforcement would result in a "miscarriage of justice." United States v. Andis, 333 F.3d 886 (8th Cir. 2002) (en banc). During her plea colloquy, Harvey admitted under oath that she read, signed, understood, and agreed with the contents of her plea agreement. She also indicated that she was fully satisfied with her attorney's performance, and entered the plea agreement voluntarily:

THE COURT: Have you had enough time to discuss your case with your

5

attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with his representation of you in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything you think your attorney should have done but did not do in representing you?

THE DEFENDANT: No, sir.
. . .

THE COURT: Having discussed your rights with you, ma'am, is still your decision to plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Has anybody threatened you, forced you, or in any way coerced you into pleading guilty?

THE DEFENDANT: No, sir.

Because Harvey validly waived the right to appeal her sentence, and her sentence complies with statutory requirements, any claim that this Court should not have applied the supervisory enhancement would have failed. Counsel's failure to raise a meritless argument on appeal is not ineffective as a matter or law. See Rodriguez, 17 F.3d at 226. This ground will be denied.

*Government's Failure to Move for Downward Departure*

Harvey also claims ineffective assistance of counsel because the United States Attorney did not recommend a downward departure from the sentencing guidelines for her cooperation with the investigation of Stephen Baldwin. This claim must fail because any argument to compel the United States Attorney to move for downward departure is meritless, and therefore, cannot be

the basis for an ineffective assistance claim under Strickland.

In the plea agreement, the United States Attorney agreed to consider moving for a downward departure in exchange for Harvey's cooperation. However, under the terms of the agreement, the United States Attorney's office retained sole discretion to determine whether her assistance actually merited a downward departure:

> The defendant has offered to assist the government in its ongoing investigation. However, the United States has not determined the level of the defendant's assistance at this time. At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both.

Because the plea agreement gave the United States Attorney sole discretion over whether it should move for a downward departure, any argument to compel such a motion would have been meritless. Counsel's failure to make a meritless argument cannot be the basis for an ineffective assistance of counsel claim as a matter of law, and therefore, counsel's decision not to challenge the government's refusal was reasonable under Strickland. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Further, counsel's failure to argue for a downward departure did not prejudice Harvey's defense. To challenge the United States Attorney's refusal to move for a downward departure, Harvey must assert an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). Therefore, this Court will review the United States Attorney's refusal to do so only if Harvey makes a "substantial threshold showing" of prosecutorial discrimination. United States v. Davis, 583 F.3d 1081, 1098 (8th Cir. 2009) (internal citations omitted). To make a substantial threshold showing, "a defendant must do more than present evidence of the defendant's

substantial assistance and must make more than generalized allegations of improper motive." Id.

Harvey claims she provided "valuable information" to the FBI that helped the government attain an indictment against Stephen Baldwin. At sentencing, however, FBI Agent Brady testified that her admissions did not provide probative evidence against either Baldwin or another co-defendant, Sharon Spoeri-Rodriguez. Based on Agent Brady's testimony, the United States Attorney had adequate reason to refuse to move for downward departure since it determined that Harvey's admissions did not provide "substantial assistance." Even if Harvey could prove she gave "substantial assistance," she points to no evidence that the United States Attorney refused to file a departure motion for unconstitutional reasons. Because any claim to compel the United States Attorney to move for downward departure would fail, counsel's failure to challenge the decision did not "prejudice" Harvey's defense under Strickland. This claim will be denied.

*District Court's Application of Sentencing Guidelines*

Harvey's third and fourth grounds both challenge this Court's application of the sentencing guidelines, so they are addressed together. Harvey claims this Court erred at sentencing in two respects: first, by enhancing her sentence for obstruction of justice under U.S.S.G. § 3C1.1; and second, by denying her a sentence reduction for acceptance of responsibility under U.S.S.G. §3E1.1. Neither claim supports a finding of ineffective assistance of counsel.

The Court of Appeals has already considered and rejected Harvey's argument that this Court misapplied the sentencing guidelines. United States v. Markietta Harvey, Appellate Case Number 10-3241 (August 8, 2011) (unpublished). Because the Court of Appeals already rejected

Harvey's claim, she may not relitigate the issue in a § 2255 proceeding. See Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.") (internal citations omitted).

Even if the Court of Appeals had not affirmed my application of the sentencing guidelines on direct appeal, Harvey's plea agreement precludes her from challenging her sentence in a collateral review. Her plea agreement states, in relevant part:

> The defendant . . . agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Harvey may not escape her obligation under the agreement–namely, that she gave up the right to challenge this Court's application of the sentencing guidelines–simply by relabeling the claim as one for ineffective assistance of counsel. These claims will be denied.

*Evidentiary Hearing*

No evidentiary hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). Harvey's Sixth Amendment claims are facially inadequate, and therefore, she is not entitled to an evidentiary hearing.

*Certificate of Appealability*

Harvey must make a substantial showing that her constitutional right was denied to be granted a certificate of appealability. Garret v. United States, 211 F.3d 1075, 1075 (8th Cir. 2000). "A substantial showing is a showing that issues are debatable among reasonable jurists, a

9

court could resolve those issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Harvey's § 2255 motion does not make a "substantial showing" that her right to the effective assistance of counsel was denied. As such, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Markietta Harvey's Motion to Vacate, Set Aside, or Correct her sentence pursuant to 28 U.S.C. § 2255 [#1] is DENIED.

**IT IS FURTHER ORDERED** that, since Harvey has not made a substantial showing of a denial of a constitutional right, this Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2012.